## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| ELECTRONIC EDISON TRANSMISSION TECHNOLOGIES, LLC, | § § § § | CASE NO. 2:24-cv-335 [JRG] |
| Plaintiff, | § § § | JURY TRIAL DEMANDED |
| v. | § § | |
| GOOGLE LLC, | § § | |
| Defendant. | | |

## DEFENDANT GOOGLE LLC'S MOTION TO DISMISS
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

STATEMENT OF ISSUE TO BE DECIDED.............................................................. 2

STATEMENT OF FACTS ............................................................................................. 2

PRAYER FOR RELIEF ................................................................................................ 4

LEGAL STANDARDS .................................................................................................. 4

ARGUMENT................................................................................................................... 5

I.      EETT'S REQUESTED RELIEF FOR UNASSERTED PATENTS SHOULD BE
        DISMISSED FOR FAILURE TO STATE A CLAIM FOR INFRINGEMENT .............. 5

II.     PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS FAIL TO
        SUFFICIENTLY PLEAD USE OF THE ASSERTED METHOD CLAIMS.................... 5

III.    PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE
        DISMISSED FOR FAILURE TO STATE A CLAIM ....................................................... 7

CONCLUSION................................................................................................................. 10

i

## <u>TABLE OF AUTHORITIES</u>

**Page**

**C**ASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................1, 4, 6, 8

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
    No. 2:13-cv-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) (Gilstrap, J.) ........................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................1, 2, 4, 6

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015).......................................................................................................2, 9

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
    No. 6:14-cv-752, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.).....................8, 9

*Corydoras Techs., LLC v. Apple Inc.*,
    No. 2:16-cv-538, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) (Gilstrap, J.)...................9, 10

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
    No. 2:23-cv-00311, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)
    (Gilstrap, J.) ....................................................................................................................9

*De La Vega v. Microsoft*,
    No. 19-cv-00612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .......................................6, 7

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004)............................................................................................7

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,
    605 F. Supp. 3d 905 (W.D. Tex. 2022)...................................................................................6

*Heinze v. Tesco Corp.*,
    971 F.3d 475 (5th Cir. 2020) ...............................................................................................5

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
    No. 2:17-cv-00662, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018)
    (Gilstrap, J.) ....................................................................................................................4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Northstar Sys. LLC v. Volkswagen AG*,
    No. 2:22-cv-00486, Dkt. 69 (E.D. Tex. Aug. 30, 2023) (Gilstrap, J.) ......................................6

*NorthStar Sys. LLC v. Volkswagen AG*,
    No. 2:22-cv-486, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) ..........................8

*Ormco Corp. v. Align Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006)..........................................................................................6

*Resh, Inc. v. Conrad*,
    No. 22-cv-1427, 2024 WL 924486 (N.D. Cal. Mar. 4, 2024) ...................................................5

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
    No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) (Gilstrap, J.) ...........1, 2, 7, 8

*Stragent, LLC v. BMW*,
    No. 6:16-cv-446, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) ...............................................5

**STATUTES**

35 U.S.C. § 271...............................................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ..........................................................................................................................1

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Google LLC ("Google") respectfully moves to dismiss Plaintiff Electronic Edison Transmission Technologies, LLC's ("EETT") complaint in its entirety because it fails to state a claim upon which relief can be granted.

*First*, in the Prayer for Relief, EETT asks this Court to "[e]nter an Order enjoining Google … from further infringement of U.S. Patent Nos. 9,448,603, 9,871,415 and 10,454,305." Dkt. 1 ¶ 2. Yet two of these patents do not appear anywhere in EETT's complaint or as attached exhibits.  Indeed, the threadbare and skeletal allegations in the complaint refer only to one patent: U.S. Patent No. 9,448,603 ("the '603 Patent").  EETT thus fails to state any claim for which relief can be granted regarding U.S. Patent Nos. 9,871,415 and 10,454,305.

*Second*, the complaint fails to state a claim of direct infringement of the '603 Patent, which contains only method claims.  In particular, EETT fails to allege how Google (or anyone else) could plausibly perform the steps of any claimed method.  Rather, EETT merely offers the empty assertion that Google "employees internally test and use these exemplary Products." *Id.* at ¶ 33. Such conclusory statements—unrelated to any patent claim (much less any claimed step) and unaccompanied by any factual allegations—are a standard example of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient under *Iqbal/Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Third*, the complaint also fails to state a claim for indirect infringement, including contributory or induced infringement, of the '603 Patent, because it is devoid of any allegations regarding: (i) the lack of substantial non-infringing use for contributory infringement; (ii) the specific intent for contributory or induced infringement; or (iii) the requisite pre-suit knowledge of the asserted patent.  *See, e.g., Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (Gilstrap, J.).  This Court directs that a viable

contributory-infringement claim must set forth factually plausible allegations "that the defendant knew that the combination for which its components were especially made was both patented and infringed" and "the components have no substantial non-infringing use." *Id.* EETT's complaint falls far below this bar, lacking any allegations about substantial non-infringing uses of the accused product. Moreover, liability for induced infringement "attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). EETT's complaint fails to plead either requirement. Finally, the totality of EETT's inducement claim is a handful of threadbare and formulaic recitations that fail to plead any ***facts*** suggesting that Google had pre-suit knowledge of the patent or any specific intent to cause infringement.

For these independent reasons, EETT's complaint should be dismissed "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 557-58.

## STATEMENT OF ISSUE TO BE DECIDED

Should EETT's claims related to unasserted patents, direct infringement, and indirect infringement be dismissed under Rule 12(b)(6) for failure to state a claim?

## STATEMENT OF FACTS

EETT filed the complaint alleging infringement of U.S. Patent No. 9,448,603 on May 7, 2024. Dkt. 1. EETT alleges infringement by several Google Pixel devices. *See id.*

EETT attempts to allege that Google directly and indirectly infringes U.S. Patent No. 9,448,603. *Id.* ¶¶ 28-40. EETT also seeks relief for patents that are never mentioned in the complaint. *Id.* at 9. The complaint itself is skeletal, merely reciting the legal standard for direct and indirect infringement without well-pleaded factual allegations:

2

> Upon information and belief, Google has infringed and continues to infringe one or more claims, including at least Claims 1-4 and 8, of the '603 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Pixel 5, Pixel 6, Pixel 7, Pixel 7 Pro, Pixel 8 ("Products"), which infringe at least Claims 1-4 and 8 of the '603 Patent. Google has infringed and continues to infringe the '603 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

> Google also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1-4 and 8, of the '603 Patent, by having its employees internally test and use these exemplary Products.

*Id.* ¶¶ 32-33.  EETT also attaches a claim chart.  *Id.* ¶¶ 37-38; Dkt. 1-2.

For indirect infringement, EETT's only allegation regarding Google's knowledge of the asserted patent is based on service of the complaint.  *Id.* ¶ 34.  EETT's complaint lacks any allegations about Google's pre-suit knowledge.  And other than a brief mention of contributory infringement as recited above, *id.* ¶ 32, the complaint lacks any allegations for necessary elements of contributory infringement, including "no substantial non-infringing use."  Finally, EETT's allegations for induced infringement refer to alleged distribution of "product literature and website materials" without any allegations as to how such documentation purportedly induces infringement:

> Despite such actual knowledge, Google continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 1-4 and 8, of the '603 Patent. On information and belief, Google has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claims 1-4 and 8, of the '603 Patent. See Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

> At least since being served by this Complaint and corresponding claim chart, Google has actively, knowingly, and intentionally continued to induce infringement of the '603 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claims 1-4 and 8, of the '603 Patent.

3

*Id.* ¶¶ 35-36.

The complaint concludes with a sweeping request for relief based on infringement of two patents identified for the first time in the Prayer for Relief:

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Enter an Order enjoining Google, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Google who receives notice of the order from further infringement of United States Patent Nos. 9,448,603, *9,871,415, and 10,454,305* (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

*Id.* at Prayer for Relief.[1]

**LEGAL STANDARDS**

To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  The complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Accordingly, courts "need not accept as true legal conclusions couched as factual allegations." *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662, 2018 WL 6804804, at *1 (E.D. Tex. Sept. 24, 2018) (Gilstrap, J.).

---

[1] Emphasis added throughout unless indicated otherwise.

**ARGUMENT**

I.     **EETT'S REQUESTED RELIEF FOR UNASSERTED PATENTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR INFRINGEMENT**

EETT's Prayer for Relief is based in part on U.S. Patent Nos. 9,871,415 and 10,454,305, neither of which is ever mentioned anywhere else in the complaint.  Dkt. 1 at 9; Dkt. 1-1 (attached copy of U.S. Patent No. 9,448,603); Dkt. 1-2 (attached claim chart addressing only U.S. Patent No. 9,448,603).  EETT's conclusory request for relief for Google's alleged infringement of U.S. Patent Nos. 9,871,415 and 10,454,305 is nonsensical and fails to state a claim upon which relief can be granted.  Simply put, courts "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"  *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).  This is especially true when a complaint seeks relief for ***unasserted*** patents.

The pleading standard for patent infringement requires, at a minimum, alleging meaningful facts showing that the defendant infringes at least one claim of each asserted patent.  *See Stragent, LLC v. BMW*, No. 6:16-cv-446, 2017 WL 2821697, at *6 (E.D. Tex. Mar. 3, 2017).  Here, EETT seeks relief based on patents for which it provides no allegations to substantiate its claims.  *Resh, Inc. v. Conrad*, No. 22-cv-1427, 2024 WL 924486, at *6 (N.D. Cal. Mar. 4, 2024) (dismissing plaintiff's prayer for relief of declaratory judgment of non-infringement of a non-asserted patent).  Accordingly, EETT's request for relief based on two unasserted patents—U.S. Patent Nos. 9,871,415, and 10,454,305—must be dismissed.

II.    **PLAINTIFF'S DIRECT INFRINGEMENT ALLEGATIONS FAIL TO SUFFICIENTLY PLEAD USE OF THE ASSERTED METHOD CLAIMS**

The sole asserted patent (U.S. Patent No. 9,448,603) only has method claims.  *See* Dkt. 1-1 at 17-18.  In such instances, a plaintiff must plead meaningful allegations of actual use of the claimed method.  This follows directly from the long-established rule that "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is

capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006). EETT's allegations that Google directly infringes by making or selling the accused Pixel products thus fail as a matter of law. And the only use EETT alleges is that Google's "employees internally test and use these exemplary Products." Dkt. 1 ¶ 33. Such allegations are precisely the type of "labels and conclusions" that "will not do." *Twombly*, 550 U.S. at 555. Entirely absent from the complaint are any allegations whatsoever that connect the alleged "internal[] test[ing]" to any patent claim, let alone any specific claim limitation. Equally absent is any factual allegation that any third party ever performs all of the claim steps with the accused product, or any allegations that Google and any third party jointly perform all of the claimed steps. Here, EETT's hollow assertion does not even approach the line of "sheer possibility," much less identify facts suggesting the requisite "plausibility." *Iqbal*, 556 U.S. at 678.

Presented with similar barebones allegations attempting to plead infringement of method claims, courts routinely grant dismissal for failure to state a claim. *See, e.g.*, *Northstar Sys. LLC v. Volkswagen AG*, No. 2:22-cv-00486, Dkt. 69 at 6 (E.D. Tex. Aug. 30, 2023) (Gilstrap, J.) (dismissing complaint involving method claims where the complaint "does not sufficiently allege factual bases for how or why each element of the claims of the [asserted patents] is practiced by [defendant]"). Another example includes *Grecia Estate Holdings LLC v. Meta Platforms, Inc.* that involved allegations that defendant "infringes with its 'internal testing, quality assurance, research and development, and troubleshooting.'" 605 F. Supp. 3d 905, 916 (W.D. Tex. 2022). The court granted a Rule 12(b)(6) motion because such allegations "amount to blanket assertions of infringement insufficient to put [defendant] on notice of [plaintiff's] general infringement theory, much less a particular one." *Id.* Similarly, in *De La Vega v. Microsoft*, the court dismissed allegations that "[d]efendants infringed by testing the accused instrumentalities" because the

allegations were "boilerplate" and did "not articulate[] any basis that would establish …

[defendants] performed … the claim when it tested the accused products."  No. 19-cv-00612, 2020

WL 3528411, *4 (W.D. Tex. Feb. 11, 2020).  The same reasoning compels the same result in this

case.

### III.     PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

EETT's complaint also fails to state a claim for indirect infringement.  First, the complaint

fails to plead facts sufficient to show direct infringement by any entity, which is a required element

of indirect infringement.  *See Ruby Sands*, 2016 WL 3542430, at *3; *see also Dynacore Holdings*

*Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether

inducement to infringe or contributory infringement, can only arise in the presence of direct

infringement … .").  But the complaint also fails beyond even this initial threshold.

"To state a claim for contributory infringement, a plaintiff must allege facts to plausibly

support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew

that the combination for which its components were especially made was both patented and

infringed; and (3) the components have no substantial non-infringing use." *Ruby Sands*, 2016 WL

3542430, at *3.  And "[t]o state a claim for induced infringement, a plaintiff must allege facts to

plausibly support the assertion that the defendant specifically intended a third party to directly

infringe the plaintiff's patent and knew that the third party's acts constituted infringement."  *Id*.

Here, while asserting that Google "has infringed and continues to infringe … through acts of

contributory infringement or inducement in violation of 35 U.S.C. § 271," (Dkt. 1 ¶ 32), the

complaint fails to allege facts that plausibly support induced or contributory infringement.

Regarding contributory infringement, the complaint does not offer any allegations that

Google "knew that the combination for which its components were especially made was both

patented and infringed" or that "the components have 'no substantial non-infringing uses.'" *Ruby Sands*, 2016 WL 3542430, at *3.  Indeed, the complaint is devoid of any allegation whatsoever regarding substantial non-infringing uses of the accused products.  As such, EETT has failed to adequately plead contributory infringement.  *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) (dismissing contributory infringement claims when the complaint was "devoid of any facts" regarding whether the accused products had any "substantial non-infringing uses").

Regarding induced infringement, the complaint does not provide any factual allegations to plausibly support any claim that Google specifically intended a third party to directly infringe and knew that the third party's acts constituted infringement.  *See NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-cv-486, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) (dismissing claim when complaint "inadequately pled indirect infringement" because plaintiff "has not sufficiently pled that [defendant] has caused or encouraged infringing activity"); *Core Wireless*, 2015 WL 4910427, at *1, *4 (dismissing induced infringement claims where the complaint failed to allege any facts that defendant "had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement").  EETT's complaint contains nothing more than a boilerplate restatement of the legal standard for induced infringement: Google has "induc[ed] end users and others" and "intentionally continued to induced infringement … by selling exemplary Products to their customers."  Dkt. 1 ¶¶ 35-36.  Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  At most, EETT attempts to satisfy its pleading requirement by alleging that "Google has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended

manner that infringes one or more claims." Dkt. 1 ¶ 35.  But as this Court holds, such generic allegations cannot survive Rule 12(b)(6).  *See, e.g.*, *Core Wireless*, 2015 WL 4910427, at *4 (holding the complaint failed to plead induced infringement because plaintiff failed to allege facts explaining "how the instructions direct customers to use those products in an infringing manner").

EETT's indirect infringement claims should be dismissed in their entirety, but should the Court hold otherwise, at a minimum, EETT's claims of indirect infringement against Google **prior to the filing** of the complaint should be dismissed.  Both induced and contributory infringement require knowledge of the patent allegedly infringed and knowledge of the alleged patent infringement.  "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."  *Commil*, 575 U.S. at 639; *see Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-cv-538, 2016 WL 9242435, at *1 (E.D. Tex. Nov. 23, 2016) (Gilstrap, J.) (induced infringement claim "necessarily includes the requirement that [defendant] knew of the patent"); *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-cv-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014) (Gilstrap, J.) (dismissing claims for induced and contributory infringement based on failure to plausibly allege knowledge).

Here, EETT makes no effort to allege pre-suit knowledge of the asserted patent.  Instead, EETT states only that "Google has knowledge of its infringement of the [asserted patent], **at least as of** the service of the present complaint," which at most supports post-suit knowledge.  Dkt. ¶ 30. Indeed, EETT confirms that such knowledge is limited to allegations of post-suit infringement by stating that "[t]he service of this Complaint … constitutes actual knowledge of infringement as alleged here."  Dkt. ¶ 34.  EETT never alleged facts plausibly supporting the knowledge required for a claim of indirect infringement based on pre-suit conduct; thus, its pre-suit indirect infringement claims should be dismissed.  *See, e.g.*, *CyboEnergy, Inc. v. Hoymiles Power Elecs.*

*USA, Inc.*, No. 2:23-cv-00311, 2024 WL 1219725, at \*6-7 (E.D. Tex. Mar. 20, 2024) (Gilstrap, J.) (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement" claims where plaintiff "failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit"); *Corydoras*, 2016 WL 9242435, at \*2-3 (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement claims").

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's claims related to unasserted patents and its direct and indirect infringement claims.

Dated: July 15, 2024

By:  */s/ Tharan Gregory Lanier*
*by Michael E. Jones, with permission*
Tharan Gregory Lanier
tglanier@jonesday.com
Evan M. McLean
emclean@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:      +1.650.739.3939
Facsimile:      +1.650.739.3900

I. Sasha Mayergoyz
smayergoyz@jonesday.com
Michelle B. Smit*)*
msmit@jonesday.com
Sachin M. Patel
smpatel@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:      +1.312.782.3939
Facsimile:      +1.312.782.8585

Michael E. Jones
TX State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
TX State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone:      +1.903.597.8311
Facsimile:      +1.903.593.0846

*Counsel for Defendant Google LLC*