**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ELECTRONIC EDISON TRANSMISSION TECHNOLOGIES, LLC,** | § § § | |
| | § | **CASE NO. 2:24-cv-335** |
| **Plaintiff,** | § § | **JUDGE RODNEY GILSTRAP** |
| | § § | **JURY TRIAL DEMANDED** |
| **v.** | § § | |
| **GOOGLE LLC,** | § | |
| **Defendant.** | | |

**DEFENDANT GOOGLE LLC'S RULE 12(b)(6) MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................. 1

STATEMENT OF ISSUE TO BE DECIDED ............................................................. 2

STATEMENT OF FACTS ..................................................................................... 2

LEGAL STANDARDS ......................................................................................... 5

ARGUMENT ...................................................................................................... 5

I.     PLAINTIFF'S CLAIMS OF DIRECT INFRINGEMENT SHOULD BE
       DISMISSED FOR FAILURE TO STATE A CLAIM ...................................... 5

II.    PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE
       DISMISSED FOR FAILURE TO STATE A CLAIM .................................... 11

CONCLUSION................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page**

<span style="font-variant:small-caps">Cases</span>

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (en banc) ............................................................................7, 8

*Babbage Holdings, LLC v. Activision Blizzard, Inc.*,
   No. 2:13-cv-750, 2014 WL 2115616 (E.D. Tex. May 15, 2014) (Gilstrap, J.) ......................14

*Baxter Intl., Inc. v. Becton, Dickinson and Co.*,
   622 F. Supp. 3d 725 (N.D. Ill. 2022) ......................................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................1, 2, 5, 10

*Brumfield Tr. for Ascent Tr. v. IBG LLC*,
   97 F.4th 854 (Fed. Cir. 2024) ...............................................................................................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)..............................................................................................1, 12, 14

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-cv-752, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.)................12, 13

*Corydoras Techs., LLC v. Apple Inc.*,
   No. 2:16-cv-538, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016) (Gilstrap, J.)......................14

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
   No. 2:23-cv-00311, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024)
   (Gilstrap, J.) ......................................................................................................................14

*De La Vega v. Microsoft*,
   No. 19-cv-00612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .........................................11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)..............................................................................................11

*Eli Lilly and Co. v. Teva Parenteral Medicines, Inc.*,
   845 F.3d 1357 (Fed. Cir. 2017)................................................................................................8

ii

**TABLE OF AUTHORITIES**
(continued)

*F'real Foods, LLC v. Hamilton Beach Brands, Inc.*,
  457 F. Supp. 3d 434 (D. Del. 2020) ........................................................................9

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,
  605 F. Supp. 3d 905 (W.D. Tex. 2022) ..................................................................10

*Intell. Ventures II LLC v. Sprint Spectrum, L.P.*,
  No. 2:17-cv-00662, 2018 WL 6804804 (E.D. Tex. Sept. 24, 2018)
  (Gilstrap, J.) ..............................................................................................................5

*Iqbal/Twombly. Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................1, 5, 10, 13

*Lone Star Tech. Innovations, LLC v. ASUSTeK Computer Inc.*,
  No. 6:19-CV-00059-RWS, 2020 WL 6803249 (E.D. Tex. Jan. 14, 2020)
  (Schroeder, J.) ...........................................................................................................8

*Midwest Athletics and Sports All. LLC v. Ricoh USA, Inc.*,
  No. 2:19-CV-00514-JDW, 2021 WL 3722329 (E.D. Pa. Aug. 23, 2021), *aff'd*,
  No. 2021-2340, 2022 WL 16729457 (Fed. Cir. Nov. 7, 2022) .................................9

*Nalco Co. v. Chem-Mod, LLC*,
  No. 14-cv-2510, 2016 WL 1594966 (N.D. Ill. Apr. 20, 2016), *rev'd in part on
  other grounds*, No. 2017-1036, 2018 WL 1055851 (Fed. Cir. Feb. 27, 2018) .........9

*Northstar Sys. LLC v. Volkswagen AG*,
  No. 2:22-cv-00486, Dkt. 69 (E.D. Tex. Aug. 30, 2023) (Gilstrap, J.) ...................10

*NorthStar Sys. LLC v. Volkswagen AG*,
  No. 2:22-cv-486, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) .......12

*Ormco Corp. v. Align Tech., Inc.*,
  463 F.3d 1299 (Fed. Cir. 2006) ................................................................................6

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
  No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) (Gilstrap, J.) ..........1, 11, 12

*Sentius Intl., LLC v. Apple Inc.*,
  No. 4:20-CV-00477-YGR, 2020 WL 2850286 (N.D. Cal. June 2, 2020) ................6

# TABLE OF AUTHORITIES
(continued)

**Page**

*Sonrai Systems, LLC v. AMCS Grp., Inc.*,
  No. 16-cv-9404, 2017 WL 4281122 (N.D. Ill. Sept. 27, 2017).................................................9

*Travel Sentry, Inc. v. Tropp*,
  877 F.3d 1370 (Fed. Cir. 2017)...............................................................................................8

**STATUTES**

35 U.S.C. § 271........................................................................................................................12, 13

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 .................................................................................................................. *passim*

iv

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Google LLC ("Google") respectfully moves to dismiss Plaintiff Electronic Edison Transmission Technologies, LLC's ("EETT") first amended complaint ("FAC") (Dkt. 26) in its entirety because—just like EETT's original complaint (Dkt. 1)—it fails to state a claim upon which relief can be granted.

*First*, the FAC fails to state a claim of direct infringement of U.S. Patent No. 9,448,603 ("'603 Patent"), which contains only method claims.  Despite the axiom that method claims can only be infringed by use, EETT alleges that Google manufactures and sells the accused products. EETT also fails to plead the requirements for divided or joint infringement.  Rather, as in its original complaint, EETT merely offers the bald assertion that Google "employees internally test and use these exemplary Products."  Dkt. 26 ¶ 40.  Such conclusory statements—unrelated to any patent claim (much less any claimed step) and unaccompanied by any factual allegations—are a standard example of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that are insufficient under *Iqbal* and *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*Second*, again as in the original complaint, the FAC fails to state a claim for indirect infringement, including contributory or induced infringement, of the '603 Patent because it is devoid of any allegations regarding: (i) the lack of substantial non-infringing use for contributory infringement; (ii) the specific intent for contributory or induced infringement; or (iii) the requisite pre-suit knowledge of the asserted patent.  *See, e.g., Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (Gilstrap, J.); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).

For these reasons, EETT's FAC should be dismissed "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'"  *Twombly*, 550 U.S. at 557-58.

## STATEMENT OF ISSUE TO BE DECIDED

Should EETT's claims related to direct infringement and indirect infringement be dismissed under Rule 12(b)(6) for failure to state a claim?

## STATEMENT OF FACTS

EETT filed its original complaint alleging infringement of the '603 Patent on May 7, 2024. Dkt. 1.  EETT alleges infringement by several Google Pixel phone devices.  *See id.*  Google moved to dismiss the '603 Patent for EETT's failure to plausibly state claims for direct and indirect infringement.  *See* Dkt. 15.  For direct infringement, EETT did not allege that Google actually **performed the steps** of the asserted method claims and instead merely recited conclusory statements without supporting factual allegations.  *Id.* at 5-7.  For indirect infringement—putting aside its failure to properly plead the underlying direct infringement that is required—EETT failed to plead several express legal elements of induced or contributory infringement.  *Id.* at 7-10. Instead of responding to Google's motion, Plaintiff filed its FAC and attached claim chart on August 9, 2024.  Dkt. 26; Dkt. 26-2 (Exhibit B).

While EETT added some new matter to the FAC, the allegations nonetheless reinforce that EETT has no plausible claims of infringement and its claims should be dismissed.  EETT claims that Google directly and indirectly infringes '603 Patent.  *Id.* ¶¶ 28-47.  The claim chart attached as Exhibit B to EETT's FAC is identical to the claim chart attached as Exhibit B to EETT's original complaint.  *Compare* Dkt. 1-2, *with* Dkt. 26-2.  Like the original complaint, the FAC itself is skeletal, merely reciting the legal standard for direct and indirect infringement without well-pleaded factual allegations:

Upon information and belief, Google has infringed and continues to infringe one or more claims, including at least Claims 1-4 and 8, of the '603 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to, the Pixel 5, Pixel 6, Pixel 7, Pixel 7 Pro, Pixel 8 ("Products"), which infringe at least Claims 1-4 and 8 of the '603 Patent. Google has infringed and continues to infringe the '603 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

Specifically, and as an example, Google's manufacture and sale of the Products directly infringes method claims 1-4 and 8 of the '603 Patent, as shown in Exhibit B. For example, the step of "configuring a donor wireless power transfer mechanism on the donor mobile device using a wireless transmit application" in Claim 1 ("Element 1.1") is performed by Google by configuring the Google Pixel 8 smartphone to include "Battery Share" functionality (via a "wireless transmit application") that is configured to be activated via the Google Pixel 8 settings user interface. *See* Exhibit B, pp. 3-5.

*Id.* ¶¶ 32-33.

Since the '603 Patent only contains method claims, EETT's allegations in the FAC fall short as a matter of law because it alleges that "Google's ***manufacture and sale*** of the Products directly infringes method claims 1-4 and 8 of the '603 Patent, as shown in Exhibit B." Dkt. 26 ¶ 33. [1]   EETT then alleges "direct infringer liability for divide [sic] infringement" if certain steps "are rather performed by an end user." *Id.* ¶ 39.  EETT's only support for this allegation is a conclusory recitation of the legal standard for divided infringement where the cited case law actually undermines EETT"s own position.  *Id.* ¶¶ 38-39.

---

[1] Emphasis added throughout unless indicated otherwise.

EETT also repeats conclusory allegations from its original complaint that Google directly infringes method claims by testing the accused Pixel products without well-pleaded factual allegations:

| Original Complaint | FAC |
|---|---|
| "Google also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1-4 and 8, of the '603 Patent, by having its employees internally test and use these exemplary Products." Dkt. 1 ¶ 33. | "Google also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 1-4 and 8, of the '603 Patent, by having its employees internally test and use these exemplary Products. For example, on information and belief, Google must manufacture and internally test the power transfer functionality between its Pixel smartphones and its Pixel Buds prior to offering these products to the general public." Dkt. 26 ¶ 40. |

For indirect infringement, EETT made no changes to its allegations. EETT's only allegation regarding Google's knowledge of the asserted patent is based on service of the complaint. *Id.* ¶¶ 30, 41. EETT's FAC lacks any allegations about Google's pre-suit knowledge. And other than a brief mention of contributory infringement as recited above, *id.* ¶ 32, the FAC lacks any allegations for necessary elements of contributory infringement, including "no substantial non-infringing use." Finally, EETT's generic allegations for induced infringement refer to alleged distribution of "product literature and website materials" without any allegations as to how such documentation purportedly induces infringement. Significantly, EETT fails to include any allegations that Google specifically intended a third party to directly infringe and it knew that the third party's acts constituted infringement:

> On information and belief, Google has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claims 1-4 and 8, of the '603 Patent. *See*

Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

At least since being served by this Complaint and corresponding claim chart, Google has actively, knowingly, and intentionally continued to induce infringement of the '603 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in a manner that infringes one or more claims, including at least Claims 1-4 and 8, of the '603 Patent.

*Id.* ¶¶ 43-44.

## LEGAL STANDARDS

To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.  The complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Accordingly, courts "need not accept as true legal conclusions couched as factual allegations."  *Intell. Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662, 2018 WL 6804804, at *1 (E.D. Tex. Sept. 24, 2018) (Gilstrap, J.).

## ARGUMENT

### I.    PLAINTIFF'S CLAIMS OF DIRECT INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

EETT's allegations for direct infringement fall into three buckets: (1) direct infringement of the asserted method claims through sale and manufacture of the Google Pixel devices; (2) divided infringement of the method claims through its instructions provided to users; and (3) direct infringement though alleged testing and internal use of the Google Pixel devices.  Each is addressed in turn below.

***Method Claims.***  As was the case with EETT's original complaint, EETT's allegations that Google directly infringes by making or selling the accused Pixel products fail as a matter of law because the sole asserted patent (the '603 Patent) only has method claims.  *See* Dkt. 26-1 at 17-18.

EETT alleges that "Google's **manufacture and sale** of the Products directly infringes **method claims** 1-4 and 8 of the '603 Patent." Dkt. 26 ¶¶ 33.  The rest of this paragraph and the following paragraphs are all premised on this assertion that method claims are infringed by manufacture and sale.  *See* Dkt. 26 ¶¶ 32-37.  For example, Paragraph 33 mentions the "configuring a donor" limitation (labeled as Element 1.1) and Paragraph 34 mentions the "configuring a receptor" limitation (labeled as Element 1.2).  *See* Dkt. 26 ¶¶ 33-34.  Paragraph 37 mentions various components (labeled as Element 1.5) and states that Google infringes "by manufacturing the Pixel 8 smartphone and the Pixel Buds with the claimed hardware."  Dkt. 26 ¶ 37.

But EETT's direct infringement allegations from Paragraphs 32 through 37 fail as a matter of law because "[m]ethod claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."  *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006).  Indeed, "[t]here is no established recognition in patent law of direct infringement by 'making' a 'method.'"  *Brumfield Tr. for Ascent Tr. v. IBG LLC*, 97 F.4th 854, 879 (Fed. Cir. 2024) (citation omitted).  As one district court has summarized the relevant law, "[d]evices do not use a method for purposes of patent infringement—people do."  *Sentius Intl., LLC v. Apple Inc.*, No. 4:20-CV-00477-YGR, 2020 WL 2850286, at *4 (N.D. Cal. June 2, 2020).  "[T]he use of a method by a device creates liability for the party that controls the device, not its seller."  *Id.*  EETT's allegation that Google manufactures or sells the accused devices alone is plainly insufficient to plausibly allege infringement of the asserted method claims.

**Divided Infringement.**  EETT similarly fails to plausibly allege divided infringement where certain steps from the asserted method claims "are rather performed by an end user."  Dkt. 26 ¶ 38.  EETT's only support for this allegation is a recitation of the legal standard followed by the conclusory allegation that "[e]nd users must perform these steps [from product literature

and website materials] in order to obtain the benefits of wireless power transfer between devices." *Id.* at ¶ 39.

There are several problems with EETT's divided infringement allegations. First, EETT has failed to plausibly allege that several steps are performed by any party, let alone Google. As explained above, EETT's divided infringement allegations for Elements 1.1, 1.2, and 1.5 rely solely on Google's alleged manufacture or sale of the accused products. *See* Dkt. 26 ¶¶ 32-34, 37. For example, EETT merely alleges for Element 1.5 that Google infringes "***by manufacturing*** the Pixel 8 smartphone and the Pixel Buds with the claimed hardware." Dkt. 26 ¶ 37. This fails as a matter of law since the infringement of method claims needs to be pleaded with actual use. Further, there is no evidence or well-pleaded allegations in the FAC that the purported "configuration" or "manufacture" of certain elements is even performed by Google at all, much less within the United States. EETT instead only offers bald conclusions.

Moreover, EETT is wrong on the legal requirements for divided infringement. The Federal Circuit has provided that for divided infringement, an entity is "responsible for others' performance of method steps …where that entity directs or controls others' performance[.]" *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) ("*Akamai V*"). Such direction and control may be found "when an alleged infringer [1] conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and [2] establishes the manner or timing of that performance." *Id*. at 1023. For the manner or timing  requirement, the court drew a distinction between customers who may "merely take [the defendant's] guidance and act independently on their own" and those who cannot, such as where the defendant "establishes the manner and timing of its customers' performance so that customers

can only avail themselves of the service upon their performance of the method steps."  *Id.* at 1024-25.

Therefore, EETT's reliance on *Travel Sentry, Inc. v. Tropp* is misplaced (Dkt. 26 ¶ 38) because there the Federal Circuit reiterated "that mere guidance or instruction is insufficient to show 'conditioning' under" the legal standard for divided infringement.  877 F.3d 1370, 1379 (Fed. Cir. 2017) (relying on *Eli Lilly and Co. v. Teva Parenteral Medicines, Inc.*, 845 F.3d 1357, 1366 (Fed. Cir. 2017), *and Akamai V*).

Here, EETT alleges that the "[e]nd users must perform these steps in order to obtain the benefits of wireless power transfer between devices."  Dkt. 26 ¶ 39.  EETT relies on website materials and product literature that are instructions and guidance on how an end user *may* operate the Battery Share feature.  *See, e.g.*, Dkt. 26-2 at 4 (explaining how to "turn on Battery Share" from the phone's settings application).  What is critical, though, is that the cited materials (i) do not condition a specific benefit on the end user and (ii) do not tell the end user whether or not or when to use the feature, but at most merely *how* to use it, should the user choose to implement it.

Courts, including this District, are in accord that instructions alone cannot meet the conditioning of a benefit requirement (i.e., the first *Akamai V* prong).  In *Lone Star Tech. Innovations, LLC v. ASUSTeK Computer Inc.*, an Eastern District of Texas court dismissed the plaintiff's allegations of divided infringement by reasoning that if allegations of "instruct[ing] its customers to use the [accused product] in an infringing way, combined with some benefit achieved through infringement, were enough, every claim of induced infringement would also state a claim for divided infringement."  No. 6:19-CV-00059-RWS, 2020 WL 6803249, at *7 (E.D. Tex. Jan. 14, 2020) (Schroeder, J.).  Judge Schroeder's concern is valid here as EETT's allegations would

collapse divided infringement into induced infringement.  Other courts have similarly reasoned that, like here, the use of the "[accused system] itself and mere existence of instructions are insufficient to show the conditioning of a benefit."  *Baxter Intl., Inc. v. Becton, Dickinson and Co.*, 622 F. Supp. 3d 725, 734 (N.D. Ill. 2022).

Courts also are in agreement that the manner or timing requirement (i.e., the second *Akamai V* prong) is not met by mere instructions.  *See Nalco Co. v. Chem-Mod, LLC*, No. 14-cv-2510, 2016 WL 1594966, at *3 (N.D. Ill. Apr. 20, 2016) ("[I]nstructing power plants on how to use the [accused system] does not show any control over the plants' performance of any alleged infringing method steps."), *rev'd in part on other grounds*, No. 2017-1036, 2018 WL 1055851, at *15 (Fed. Cir. Feb. 27, 2018); *Midwest Athletics and Sports All. LLC v. Ricoh USA, Inc.*, No. 2:19-CV-00514-JDW, 2021 WL 3722329, at *2 (E.D. Pa. Aug. 23, 2021) ("Under this test, general instruction manuals, tip sheets, or other guidance that illustrate how to do something but do not require or control it will generally not exert the requisite control."), *aff'd*, No. 2021-2340, 2022 WL 16729457 (Fed. Cir. Nov. 7, 2022); *cf. F'real Foods, LLC v. Hamilton Beach Brands, Inc.*, 457 F. Supp. 3d 434, 445 (D. Del. 2020) (explaining that "providing instructions to a retailer in no way establishes the timing of the retailer's use of the blender" and "the retailer is free to use the machine whenever the retailer chooses; indeed, it is free not to use the machine").

The same reasoning is applicable here.  The end user is independent and may voluntarily perform (or not) the steps of the claimed method; indeed, the end consumer does not have to ever use the Battery Share feature of their Google Pixel phone device.  At bottom, for any theory of divided infringement, Google does not exercise a sufficient degree of control over the end user.  *See Sonrai Systems, LLC v. AMCS Grp., Inc.*, No. 16-cv-9404, 2017 WL 4281122, at *6 (N.D. Ill. Sept. 27, 2017) ("Sonrai has alleged only that AMCS provided technology to Lakeshore and

instructed Lakeshore how to use it; nothing in those allegations implies that AMCS has the authority of a principal or has an equal voice in the conduct of Lakeshore's use of the technology.")

***Testing and Internal Use.***  EETT further alleges that Google is a direct infringer "by having its employees internally test and use these exemplary Products" since "Google must manufacture and internally test the power transfer functionality between its Pixel smartphones and its Pixel Buds prior to offering these products to the general public." Dkt. 26 ¶ 40.  Despite adding more words, this allegation is no better than the same conclusory allegation from EETT's original complaint.  *See* Dkt. 1 ¶ 33 (alleging Google infringes "by having its employees internally test and use these exemplary Products").   Such allegations are precisely the type of "labels and conclusions" that "will not do."  *Twombly*, 550 U.S. at 555.  Entirely absent from the FAC are any allegations whatsoever that connect the alleged "internal[] test[ing]" to any patent claim, let alone any specific claim limitation.  Here, EETT's hollow assertion does not even approach the line of "sheer possibility," much less identify facts suggesting the requisite "plausibility."  *Iqbal*, 556 U.S. at 678.

Presented with similar barebones allegations attempting to plead infringement of method claims, courts routinely grant dismissal for failure to state a claim.  *See, e.g.*, *Northstar Sys. LLC v. Volkswagen AG*, No. 2:22-cv-00486, Dkt. 69 at 6 (E.D. Tex. Aug. 30, 2023) (Gilstrap, J.) (dismissing complaint involving method claims where the complaint "does not sufficiently allege factual bases for how or why each element of the claims of the [asserted patents] is practiced by [defendant]").  Another example includes *Grecia Estate Holdings LLC v. Meta Platforms, Inc.* that involved allegations that defendant "infringes with its 'internal testing, quality assurance, research and development, and troubleshooting.'"  605 F. Supp. 3d 905, 916 (W.D. Tex. 2022).  The court granted a Rule 12(b)(6) motion because such allegations "amount to blanket assertions of

infringement insufficient to put [defendant] on notice of [plaintiff's] general infringement theory, much less a particular one." *Id.*   Similarly, in *De La Vega v. Microsoft*, the court dismissed allegations that "[d]efendants infringed by testing the accused instrumentalities" because the allegations were "boilerplate" and did "not articulate[] any basis that would establish … [defendants] performed … the claim when it tested the accused products."  No. 19-cv-00612, 2020 WL 3528411, *4 (W.D. Tex. Feb. 11, 2020).  The same reasoning compels the same result in this case.

EETT's allegations for all three bases of direct infringement should be dismissed.

## II.   PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Google's motion demonstrated that EETT's original complaint failed to adequately allege the direct infringement required to state a claim for indirect infringement (whether contributory or induced infringement).  EETT's FAC does not change the deficient allegations of the original complaint regarding direct infringement, and, therefore, also fails to state a claim for indirect infringement.

Most importantly, the FAC fails to plead facts sufficient to show direct infringement by any entity, which is a required element of indirect infringement.  *See Ruby Sands*, 2016 WL 3542430, at *3; *see also Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … .").  But the FAC also fails beyond even this initial threshold and the claims for indirect infringement, whether contributory or induced, fail.  And each of the claims for contributory and induced infringement fail when measured against what must be pleaded to pursue either claim.

*Contributory Infringement.*  This Court directs that "[t]o state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use." *Ruby Sands*, 2016 WL 3542430, at *3. The FAC, like the original complaint, does not offer any allegations that Google "knew that the combination for which its components were especially made was both patented and infringed" or that "the components have 'no substantial non-infringing uses.'" *Ruby Sands*, 2016 WL 3542430, at *3. Indeed, the FAC is devoid of any allegation whatsoever regarding substantial non-infringing uses of the accused products and only alleges that Google "has infringed and continues to infringe … through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271." Dkt. 26 ¶ 32.  As such, EETT has failed to adequately plead contributory infringement. *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-cv-752, 2015 WL 4910427, at *5 (E.D. Tex. Aug. 14, 2015) (Gilstrap, J.) (dismissing contributory infringement claims when the complaint was "devoid of any facts" regarding whether the accused products had any "substantial non-infringing uses").

*Induced Infringement.*  Liability for induced infringement "attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil*, 575 U.S. at 639.  "To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Ruby Sands*, 2016 WL 3542430, at *3.  But the FAC, like the original complaint, does not provide any factual allegations to plausibly support any claim that Google specifically intended a third party to directly infringe and knew that the third party's acts constituted infringement. *See NorthStar Sys. LLC v.*

12

*Volkswagen AG*, No. 2:22-cv-486, 2023 WL 5723648, at *3 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) (dismissing claim when complaint "inadequately pled indirect infringement" because plaintiff "has not sufficiently pled that [defendant] has caused or encouraged infringing activity"); *Core Wireless*, 2015 WL 4910427, at *1, *4 (dismissing induced infringement claims where the complaint failed to allege any facts that defendant "had the specific intent to induce its customer's actions, and knowledge that those actions amounted to infringement").  EETT's FAC contains nothing more than a boilerplate restatement of the legal standard for induced infringement: Google has "induc[ed] end users and others" and "intentionally continued to induce infringement … by selling exemplary Products to their customers."  Dkt. 26 ¶¶ 43-44; *see also id.* ¶ 32 (alleging that Google "has infringed and continues to infringe … through acts of contributory infringement *or inducement* in violation of 35 U.S.C. § 271.").  Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  At most, EETT attempts to satisfy its pleading requirement by alleging that Google "has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims."  Dkt. 26 ¶ 43.  But as this Court has previously held, such generic allegations cannot survive Rule 12(b)(6).  *See, e.g.*, *Core Wireless*, 2015 WL 4910427, at *4 (holding the complaint failed to plead induced infringement because plaintiff failed to allege facts explaining "how the instructions direct customers to use those products in an infringing manner").

EETT's indirect infringement claims should be dismissed in their entirety, but should the Court hold otherwise, at a minimum, EETT's claims of indirect infringement against Google *prior to the filing* of the complaint should be dismissed.  Both induced and contributory infringement require knowledge of the patent allegedly infringed and knowledge of the alleged patent

infringement.  "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."  *Commil*, 575 U.S. at 639; *see Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-cv-538, 2016 WL 9242435, at *1 (E.D. Tex. Nov. 23, 2016) (Gilstrap, J.) (induced infringement claim "necessarily includes the requirement that [defendant] knew of the patent"); *Babbage Holdings, LLC v. Activision Blizzard, Inc.*, No. 2:13-cv-750, 2014 WL 2115616, at *2 (E.D. Tex. May 15, 2014) (Gilstrap, J.) (dismissing claims for induced and contributory infringement based on failure to plausibly allege knowledge).

Here, EETT makes no effort to allege pre-suit knowledge of the asserted patent—just like the original complaint.  Instead, EETT states only that "Google has knowledge of its infringement of the [asserted patent], ***at least as of*** the service of the present complaint," which at most supports post-suit knowledge.  Dkt. 26 ¶ 30.  Indeed, EETT confirms that such knowledge is limited to allegations of post-suit infringement by stating that "[t]he service of this Complaint … constitutes actual knowledge of infringement as alleged here."  Dkt. 26 ¶ 41.  The totality of WIPH's inducement claim is a handful of threadbare and formulaic recitations that fail to plead any facts suggesting that Google had pre-suit knowledge of the patent or any specific intent to cause infringement.  Accordingly, its pre-suit indirect infringement claims should be dismissed.  *See, e.g.*, *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-cv-00311, 2024 WL 1219725, at *6-7 (E.D. Tex. Mar. 20, 2024) (Gilstrap, J.) (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement" claims where plaintiff "failed to plead any facts plausibly showing that Defendant knew of the Asserted Patents prior to this lawsuit"); *Corydoras*, 2016 WL 9242435, at *2-3 (granting motion to dismiss regarding plaintiff's "pre-suit indirect infringement claims").

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's FAC and its direct and indirect infringement claims.

Dated:  August 23, 2024

By:  */s/ Tharan Gregory Lanier*
　　Tharan Gregory Lanier

Tharan Gregory Lanier
tglanier@jonesday.com
Evan M. McLean
emclean@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:　+1.650.739.3939
Facsimile:　+1.650.739.3900

Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone:　+1.202.879.3939
Facsimile:　+1.202.626.1700

I. Sasha Mayergoyz
smayergoyz@jonesday.com
Michelle B. Smit *(Pro Hac Vice)*
msmit@jonesday.com
Sachin M. Patel *(Pro Hac Vice)*
smpatel@jonesday.com
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Telephone:　+1.312.782.3939
Facsimile:　+1.312.782.8585

Michael E. Jones
TX State Bar No. 10929400
mikejones@potterminton.com
Shaun W. Hassett
TX State Bar No. 24074372
shaunhassett@potterminton.com
POTTER MINTON
102 N. College Ave., Suite 900
Tyler, TX 75702
Telephone:　+1.903.597.8311
Facsimile:　+1.903.593.0846

*Counsel for Defendant Google LLC*